PEOPLE v WARREN

HOMICIDE—MURDER—FELONY-MURDER—JUSTIFIABLE HOMICIDE.

> Conviction of a defendant charged with first-degree murder under
> the felony-murder statute when the death of his co-felon results
> from a shot fired by the defendant while the intended victim
> and one of defendant's companions were struggling is affirmed,
> because the doctrine that the felony-murder statute has no
> application to a case where the deceased is a co-felon is limited
> to cases wherein the killing is by others and has no application
> when the actual killing is done by the defendant (MCLA
> 750.316).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 9, 1973, at Lansing. (Docket No. 11337.) Decided February 20, 1973.

Bonnie Warren, Jr., was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Martin F. Palus,* Assistant Prosecuting Attorney, for the people.

*Bruce E. Doll,* for defendant on appeal.

Before: BRONSON, P. J., and McGREGOR and DANHOF, JJ.

DANHOF, J. This is an appeal of a first-degree-murder conviction. MCLA 750.316; MSA 28.548.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide §§ 46, 72.

The defendant was convicted under a felony-murder theory and on appeal he contends that the felony-murder rule can have no application to the facts of this case. We affirm the conviction.

On April 21, 1970, the defendant and two others went to the home of a third party ostensibly to purchase a bottle of cough syrup. After the defendant entered the house he announced, "This is a stick-up." The intended victim and one of the defendant's companions began to struggle, and the defendant produced a revolver and fired a number of shots at the two men. The defendant's companion died as a result of the wounds suffered in this incident.

On appeal the defendant contends that the felony-murder rule has no application to a case where the deceased is a co-felon, relying on *Commonwealth v Redline,* 391 Pa 486; 137 A2d 472 (1958), and *People v Austin,* 370 Mich 12 (1963). *Redline* was a case where a co-felon was killed by a policeman's bullet. In *Austin* a co-felon was killed by the intended victim. The distinction between those cases and the case at bar is immediately apparent. In the case at bar the killing was done by the defendant.

The cases that have expanded and refined the *Redline* doctrine have made it clear that the doctrine has no application when the actual killing is done by the defendant. *Commonwealth ex rel Smith v Myers,* 438 Pa 218; 261 A2d 550 (1970), *People v Washington,* 62 Cal 2d 777; 44 Cal Rptr 442; 402 P2d 130 (1965). See also LaFave & Scott, Criminal Law, § 71, pp 545–561. In *Robbins v People,* 142 Colo 254; 350 P2d 818 (1960), the Supreme Court of Colorado was confronted with the same issue presented by this case, and the

Court held the felony-murder rule to be applicable. We also do so.

Affirmed.

All concurred.